UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RANDY BALL,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY,<br><br>    Defendant. | 4:18-CV-04008-KES<br><br>AMENDED<br>ORDER DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

Plaintiff, Randy Ball, filed a complaint alleging that defendant, Federal Insurance Company, acted in bad faith and breached its fiduciary duty by denying Ball's workers' compensation claim when there was no legitimate and reasonable basis for the denial. Docket 1. Federal Insurance denies Ball's allegations. Docket 27. Federal Insurance moves for summary judgment. Docket 28. Federal Insurance alleges that it is entitled to an order granting summary judgment because Ball cannot establish an essential element of a workers' compensation bad faith claim and Ball's claim is barred by the doctrines of res judicata and judicial estoppel. Docket 30 at 1-2. Ball opposes the motion. Docket 32. For the following reasons, the court denies Federal Insurance's motion for summary judgment.

**FACTUAL BACKGROUND**

The facts, viewed in the light most favorable to the non-moving party, are as follows:

Ball worked as a swine technician for EMP Serv, LLC. Docket 33 at 1. On June 21, 2013, Ball was injured while working at a hog confinement facility that was owned and operated by his employer in Willow Lake, South Dakota. *Id.* At that time, Federal Insurance was the workers' compensation insurance carrier for EMP Serv, LLC. *Id.* Initially, Federal Insurance accepted Ball's claim as compensable. *Id.* For the next fourteen months, Ball received treatment from various medical providers. *Id.* at 2. On September 30, 2014, Federal Insurance sent Ball a letter; in the letter, Federal Insurance stated that it would deny all of Ball's treatments after that date. *Id.* Additionally, Federal Insurance informed Ball that the payment of temporary total disability benefits would cease at the end of the month. *Id.* On October 8, 2014, Ball filed a petition with the South Dakota Department of Labor and requested a hearing for additional workers' compensation benefits. *Id.* Federal Insurance filed an answer to the petition and denied that Ball was entitled to any additional benefits. *Id.*

In November of 2017, Ball, EMP Serv, LLC, and Federal Insurance entered into a voluntary settlement agreement (Docket 34-14) that resolved Ball's workers' compensation claim. Docket 33 at 2. Under the Settlement Agreement, Ball received a lump sum of $135,000 in exchange for his agreement to waive his hearing before the Department of Labor and to resolve his workers' compensation permanent total liability claim. *Id.*; Docket 34-14 at 3-4. The Settlement Agreement also contained clauses that the settlement was a "compromise of doubtful and disputed claims," "not an . . . admission of liability," and that Ball acknowledged "that there [were] bona fide disputed

questions regarding his entitlement to any additional benefits." Docket 33 at 2-3; Docket 34-14 at 2. As to a potential bad faith claim, the Settlement Agreement stated, "Insurer acknowledges that Claimant alleges a 'bad faith' handling claim which claim Insurer denies. Insurer acknowledges that this settlement does not resolve that claim." Docket 34-14 at 2. The Department of Labor approved the Settlement Agreement and dismissed Ball's workers' compensation claim with prejudice. Docket 33 at 3.

On January 22, 2018, Ball brought the current action against Federal Insurance. Docket 1; Docket 33 at 3. Ball alleges that Federal Insurance committed bad faith by denying his claim in September of 2014 when Federal Insurance "knew that there was no legitimate and reasonable basis to deny the claim[.]" Docket 1 ¶ 11; Docket 33 at 3. Federal Insurance filed a motion for summary judgment on January 11, 2019. Docket 28. Ball opposes the motion. Docket 32.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet its burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the

record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). Summary judgment is precluded if there is a genuine dispute of fact that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the court views the facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I. Bad Faith Elements

An employee aggrieved by an insurer's bad faith failure to pay benefits to which the employee is entitled under the workers' compensation statute may proceed against the insurer by way of an action in tort. *Hollman v. Liberty Mut. Ins. Co.*, 712 F.2d 1259, 1261 (8th Cir. 1983). "An action for bad faith compensates an insured for the intentional misconduct of a defendant insurer as distinguished from merely negligent conduct." *Jordan v. Union Ins. Co.*, 771 F. Supp. 1031, 1032-33 (D.S.D. 1991) (citing *Simkins v. Great W. Cas. Co.*, 831 F.2d 792, 793 (8th Cir. 1987)). The conduct of an insurer in denying a claim is deemed intentional and in bad faith where there is (1) an absence of a reasonable basis for denying the benefits of the policy and (2) the insurer's knowledge of the lack of a reasonable basis for denial. *Mordhorst v. Dakota Truck Underwriters & Risk Admin. Servs.*, 886 N.W.2d 322, 324 (S.D. 2016)

4

(citing *Hein v. Acuity*, 731 N.W.2d 231, 237 (S.D. 2007)). An insurer can " 'challenge claims which are fairly debatable,' and therefore, 'will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis.' " *Hein*, 731 N.W.2d at 236 (quoting *Champion v. U.S. Fid. & Guar. Co.*, 399 N.W.2d 320, 324 (S.D. 1987)).

In South Dakota, "[b]efore a [state] trial court may grant relief for a bad faith denial of worker's compensation benefits, it must decide whether the plaintiff is entitled to benefits." *Zuke v. Presentation Sisters, Inc.*, 589 N.W.2d 925, 930 (S.D. 1999). "This threshold issue must be decided within the worker's compensation forum." *Id.* Thus, plaintiffs must exhaust their administrative remedies before they can bring a bad faith claim. *Id.*

South Dakota allows parties to resolve a workers' compensation claim by filing a petition with the Department of Labor and requesting a hearing or entering into an agreement as to compensation. SDCL §§ 62-7-12, 62-7-5. If the parties reach an agreement as to compensation, they must file a memorandum of the agreement with the Department of Labor. SDCL § 62-7-5. If the Department of Labor does not notify the parties that it disapproves of the agreement, then "the agreement shall stand as approved and is enforceable for all purposes . . . ." *Id.* "Compromise agreements permitted under SDCL [§] 62-7-5 have the same force and effect as adjudicated awards[.]" *Sopko v. C & R Transfer Co.*, 575 N.W.2d 225, 229 (S.D. 1998). When parties enter into a settlement agreement, there are no "further administrative remedies to exhaust." *Hein*, 731 N.W.2d at 237.

5

Federal Insurance argues that Ball's bad faith claim fails for two reasons. First, Federal Insurance contends that Ball cannot overcome the threshold requirement of exhausting his administrative remedies because there is no administrative ruling that Ball is entitled to benefits. Docket 30 at 5; Docket 40 at 4. Second, Federal Insurance contends that Ball cannot satisfy the first element of his bad faith claim because it is undisputed that there was no determination by the Department of Labor that Federal Insurance's denial of benefits was "wrongful." Docket 30 at 2, 5.

### A. Exhaust Administrative Remedies

Federal Insurance contends that because Ball accepted the Settlement Agreement and chose to forgo the administrative process, he did not receive a favorable resolution of his claim or a determination that he was entitled to benefits by the Department of Labor. Docket 30 at 5. Ball contends that he exhausted the administrative remedies because the Settlement Agreement is a substitute for, and has the effect of, an ordinary award. Docket 36 at 7; Docket 41 at 2.

It is undisputed that the parties filed an agreement with the Department of Labor. Docket 30 at 5; Docket 34-14. The Settlement Agreement was approved by the Department of Labor. Docket 33 at 3. In accordance with the Settlement Agreement, Federal Insurance, on behalf of the employer and itself, paid Ball a lump sum of $135,000.00. Docket 34-14 at 3. The Settlement Agreement states that the purpose of the Settlement Agreement is to resolve the disputed workers' compensation claims between Ball, EMP Serv, and

Federal Insurance. *Id.* at 2. Thus, the court finds the Settlement Agreement to be a compensation agreement contemplated under SDCL § 62-7-5, and therefore, it carries the same force and effect as an adjudicated award.

In its supplemental reply brief, Federal Insurance relies heavily on *Tovares v. Gallagher Bassett Servs., Inc.*, 379 F. Supp. 3d 791 (D.S.D. 2019). In *Tovares*, the court's inquiry was on whether the notice of dismissal with prejudice was a contract under SDCL § 62-7-5. *Id.* at 803. Ultimately, the court found that the notice of dismissal did not contain any acknowledgment of compensability. *Id.* at 804. The court granted defendant's motion for summary judgment because plaintiff "did not obtain an administrative ruling that she was entitled to benefits . . . ." *Id.*

*Tovares* is distinguishable from the present case. Here, there was a settlement agreement between the parties that pertained to compensability. Though Federal Insurance continues to deny the validity of the claims and Ball's disability status, a jury could find that Federal Insurance admitted to compensability by signing the Agreement and paying $135,000 to Ball to resolve the workers' compensation claim. Conversely, there was no settlement agreement in *Tovares*. The lack of an agreement for compensability appears to be an essential reason why the court found that Tovares's bad faith claim failed. *See id.* (stating the notice of dismissal was not a compromise agreement under SDCL § 62-7-5 and did not carry the same force and effect as an adjudicated award).

7

Federal Insurance's position is flawed because it argues Ball can only exhaust the administrative remedies by obtaining a decision by the Department of Labor that Ball is entitled to benefits. *Hein*, however, goes against this position. The South Dakota Supreme Court held the administrative remedies were exhausted by the settlement. *Hein*, 731 N.W.2d at 237. Thus, Ball does not need to have a ruling from the Department of Labor to overcome the threshold. Instead, the parties' Settlement Agreement and its approval by the Department of Labor exhausted the administrative remedies. This holding reflects South Dakota's "historical preference for settlement of disputes." *A. Unruh Chiropractic Clinic v. De Smet Ins. Co.*, 782 N.W.2d 367, 373 (S.D. 2010); *see also Driscoll v. Driscoll*, 568 N.W.2d 771, 774 (S.D. 1997) ("[I]t is good public policy to encourage settlement agreements.").

**B. An Absence of a Reasonable Basis for Denial**

The first element of a bad faith claim requires an absence of a reasonable basis for denying the benefits of the policy. *Hein*, 731 N.W.2d at 236 (citing *Champion*, 399 N.W.2d at 324). "Insurers are entitled to challenge fairly debatable claims." *Id.* at 237 (citing *Zuke*, 589 N.W.2d at 930). "Because any injury in a workers' compensation bad faith claim stems from the insurer's denial, not the insurer's conduct alone, a central element of the cause of action is whether there has been a wrongful denial of benefits." *Id.* (citing *Champion*, 399 N.W.2d at 324). Therefore, the resolution of a plaintiff's entitlement to benefits at the administrative level "will have a direct bearing on the viability of a bad faith claim." *Id.* (citing *Zuke,* 589 N.W.2d at 930).

8

In opposition to a summary judgment motion, plaintiffs can establish this first element with an award from the Department of Labor that states they are entitled to benefits. *See Harms v. Cigna Ins. Cos.*, 421 F. Supp. 2d 1225, 1229 (D.S.D. 2006) ("[O]ne of the elements of the bad faith claim is a final judgment in South Dakota worker's compensation proceedings in favor of the claimant."). On the other hand, courts have granted summary judgment on this element when the Department of Labor determined that claimants were not entitled to benefits. *See Jordan*, 771 F. Supp. at 1033 (finding as a matter of law that defendant's denial of plaintiff's claims was not made in absence of a reasonable basis because the Department of Labor determined that plaintiff was not entitled to benefits).

Here, Ball can show the absence of a reasonable basis for denying benefits by Federal Insurance. The Department of Labor approved the Settlement Agreement that compensated Ball $135,000 in resolution of his workers' compensation claims, i.e. an award from the Department of Labor in favor of Ball. *See Sopko*, 575 N.W.2d at 229 (stating these settlement agreements "have the same force and effect as adjudicated awards"). Under the Settlement Agreement, Ball received a lump sum of $135,000 and therefore, it is possible that there was no reasonable basis for denying benefits. *See Brennan v. W. Nat. Mut. Ins. Co.*, 125 F. Supp. 2d 1152, 1154-55 (D.S.D. 2001) (denying defendant's motion for summary judgment because the Department of Labor's technical dismissal of plaintiff's claim left open the possibility that

9

plaintiff was entitled to benefits and that there was no reasonable basis for denying benefits).

The court does not construe the Settlement Agreement to be an adverse decision to Ball, nor does it construe it to mean that Ball was not entitled to benefits or that Federal Insurance had a reasonable basis for its denial of benefits. Unlike other cases where summary judgment was granted, there is no dismissal or determination by the Department of Labor that Ball was not entitled to benefits. *See Jordan*, 771 F. Supp. at 1033 (finding the defendant's initial denial of the plaintiff's claim was supported by the Department of Labor's determination that plaintiff was not entitled to benefits). Thus, the court finds that Ball can establish the first element of the bad faith claim.

Viewing the evidence in the light most favorable to Ball, he can establish the two elements Federal Insurance challenged in its motion for summary judgment. Thus, the court denies Federal Insurance's motion for summary judgment as it pertains to this argument.

## II. Res Judicata

Next, Federal Insurance argues that Ball's workers' compensation bad faith claim "fails as a matter of law due to the doctrine of res judicata." Docket 30 at 6. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Res judicata seeks to promote judicial efficiency by preventing repetitive litigation over the same dispute." *People ex rel. L.S.*, 721 N.W.2d 83, 90 (S.D. 2006)

(citing *Wells v. Wells*, 698 N.W.2d 504, 508 (S.D. 2005)). In South Dakota for res judicata to apply, four elements must be met:

> (1) a final judgment on the merits in an earlier action; (2) the question decided in the former action is the same as the one decided in the present action; (3) the parties are the same; and (4) there was a full and fair opportunity to litigate the issues in the prior proceeding.

*Id.* at 89-90 (citation omitted). To determine if these four elements are established, "a court should construe the doctrine liberally, unrestricted by technicalities." *Id.* at 90. Here, Federal Insurance argues that all four elements of res judicata are present. Docket 30 at 7.

**A. Final Judgment on the Merits in an Earlier Action**

For the first element, Federal Insurance argues that the workers' compensation proceeding was resolved with a final judgment on the merits. Docket 30 at 8. Federal Insurance contends that the judgment dismissing the workers' compensation claim with prejudice satisfies this element. *Id.* It is undisputed that the Settlement Agreement ordered Ball to file a dismissal with prejudice with the Department of Labor, and Ball filed the dismissal. *Id.*; Docket 33 at 3.

Federal Insurance is correct that the dismissal of Ball's workers' compensation claim constitutes a final judgment on the merits for purposes of res judicata. *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999). Generally, "worker's compensation awards, whether by agreement of the parties or following an adjudication, are res judicata as to all matters

11

considered . . . ." *Larsen v. Sioux Falls Sch. Dist. No. 49-5*, 509 N.W.2d 703, 706 (S.D. 1993). But this is limited to Ball's workers' compensation claim.

The Department of Labor does not have jurisdiction over Ball's bad faith claim. *Lagler v. Zurich Am. Ins. Co.*, No. 12-CV-4037-LLP, 2012 WL 3264906, at *2 (Aug. 10, 2012). Thus, the Settlement Agreement and the Dismissal did not, and could not, resolve Ball's bad faith claim. In fact, the Settlement Agreement left open the opportunity for Ball to bring a bad faith claim stating: "Insurer acknowledges that Claimant alleges a 'bad faith' handling claim which claim Insurer denies. Insurer acknowledges that this settlement does not resolve that claim." Docket 34-14 at 2. Thus, this first element is not satisfied.

**B. Question Decided in the Former Action is the Same**

Federal Insurance argues that the dispositive issue in the present action is the same issue that was resolved at the administrative level. Docket 30 at 7; Docket 35 at 7. Federal Insurance notes that a bad faith claim is based on the allegation that the insurer's denial of benefits was wrongful and without a reasonable basis. Docket 35 at 7. Federal Insurance alleges that the "doubtful and disputed nature" of its liability to provide additional benefits was agreed to in the Settlement Agreement, which the Department of Labor approved. Docket 30 at 7.

To determine whether the questions are the same, "[t]he test is a query into whether the wrong sought to be redressed is the same in both actions." *Glover v. Krambeck*, 727 N.W.2d 801, 805 (S.D. 2007) (internal quotation omitted). Federal Insurance frames plaintiff's current request as a

determination on whether he is entitled to benefits. *See* Docket 30 at 7. But in substance, Ball is not attempting to pursue the same outcome that he did with the Department of Labor. At the administrative level, Ball sought a determination by the Department of Labor that his injury was work related, that he was disabled, that he was entitled to benefits, and ultimately, the amount of his monetary award for additional benefits. Here, Ball is bringing an intentional tort claim against the insurer for its misconduct in denying his benefits. Thus, Ball is not seeking additional benefits in this action, instead, he is seeking monetary damages for Federal Insurance's actions. Thus, this element is not satisfied.

### C. The Parties or their Privies are the Same

The named parties here were also the parties in the Department of Labor proceeding. *See* Docket 33 at 2. Additionally, the same parties who were involved with and signed the Settlement Agreement are the same parties here, minus the employer. *Id.*; Docket 34-14. Therefore, this element is satisfied.

### D. Full and Fair Opportunity to Litigate the Issues

Both parties had the opportunity to litigate the issue of Ball's entitlement to benefits at the administrative level. And this issue is an essential element to Ball's bad faith claim. But the parties did not litigate the issue of whether Federal Insurance acted in bad faith when it denied Ball's workers' compensation claim. Thus, this element is not satisfied.

Overall, res judicata is not applicable because these elements have not been satisfied.

### III. Judicial Estoppel

Lastly, Federal Insurance argues that Ball's claim is barred by the doctrine of judicial estoppel. Docket 30 at 11. Judicial estoppel applies when a party "who by his words or conduct takes positions inconsistent with his rights, unfairly misleading others into detrimental reliance." *Wilcox v. Vermeulen*, 781 N.W.2d 464, 468 (S.D. 2010) (internal quotation and alterations omitted). The court will apply judicial estoppel if three elements are present:

> the later position must be clearly inconsistent with the earlier one; the earlier position was judicially accepted, creating the risk of inconsistent legal determinations; and the party taking the inconsistent position would derive an unfair advantage or impose an unfair detriment to the opponent if not estopped.

*Id.* (quoting *Canyon Lake Park, L.L.C. v. Loftus Dental, P.C.*, 700 N.W.2d 729, 737 (S.D. 2005)).

Federal Insurance argues that all three elements are present. For the first element, Federal Insurance contends that Ball's "current allegation that [Federal Insurance] was without a reasonable basis to deny his claim is clearly inconsistent with the admissions he made as a condition for settling the prior litigation." Docket 30 at 11.

In his complaint, Ball alleges that when Federal Insurance denied Ball's claim Federal Insurance knew "there was no legitimate and reasonable basis to deny the claim[.]" Docket 1 ¶ 11. In the Settlement Agreement, both parties

14

acknowledged "that there [were] bona fide disputed questions regarding [plaintiff's] entitlement to any additional payments." Docket 34-14 at 2. These two statements are not "clearly inconsistent" with each other. Rather, it is a jury question as to whether Federal Insurance had a reasonable basis to deny or fail to process Ball's claim. *See Hein*, 731 N.W.2d at 236.

Thus, the court finds that Ball's later position is not clearly inconsistent with the earlier one. Because Federal Insurance cannot satisfy this first element, the court will not analyze the other two elements. Ball's claim is not barred by judicial estoppel.

**CONCLUSION**

Federal Insurance is not entitled to summary judgment as a matter of law because Ball has been able to establish the elements of a workers' compensation bad faith claim. Additionally, res judicata does not apply because there was not a final judgment on the merits in the former action and the question decided in the former action is different from the present question. Lastly, judicial estoppel is not applicable because Ball's earlier statement is not clearly inconsistent with his current statement. For these reasons, it is

ORDERED that Federal Insurance's motion for summary judgment (Docket 28) is DENIED.

Dated October 15, 2019.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE